IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY JOHNSON                                                                                          PLAINTIFF

V.                                                                              CAUSE NO.: 1:14CV062-SA-DAS

STATE OF MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,
ALBERT SANTA CRUZ, and BELINDA SYKES                                                    DEFENDANTS

MEMORANDUM OPINION

Anthony Johnson filed this case alleging that Defendants, in denying his application for a concealed carry firearm permit, violated his constitutional rights to due process and bear arms. Plaintiff also claims that Defendants violated the Encroachment Clauses of the Mississippi and United States Constitutions. Plaintiff originally filed suit against the State of Mississippi Department of Public Safety, Albert Santa Cruz and Belinda Sykes, in their official capacities only. After Defendants filed their Motion for Summary Judgment, the pro se Plaintiff sought to amend his complaint to add individual capacity claims against the two individual Defendants. Because this proposed amendment would be futile, the Court denies the request to amend. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999).

After reviewing the motions, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Anthony Johnson was convicted and sentenced for the sale of cocaine in the Monroe County Circuit Court. After serving approximately seven years in the custody of the Mississippi Department of Corrections, he was released in 1999. On August 16, 2013, the Monroe County Circuit Court issued an "Order of Certificate of Rehabilitation" finding that Johnson had been rehabilitated and would not likely act in a manner dangerous to the public safety. The Court

restored Johnson "in accordance with Miss. Code Ann. 97-37-5 to the status he occupied before his convictions mentioned herein and above, thereby restoring [Johnson's] right to bear arms in full compliance with Miss. Code Ann. 97-37-5."

On September 4, 2013, Johnson applied for a concealed carry firearm permit, presenting his Order of Certificate of Rehabilitation to the Mississippi Department of Public Safety. Belinda Sykes, an official in the Gun Permit Unit of the Mississippi Department of Public Safety, wrote Johnson back and indicated that because rehabilitation certificates were not recognized for concealed carry permits, he would need to present a pardon from the Governor to complete the application. Albert Santa Cruz, Commissioner of the Mississippi Department of Public Safety, then refunded Johnson's transaction cost of $6.00 related to the concealed carry firearms permit.

Plaintiff filed this suit seeking a declaratory judgment that Defendants "actions or inactions are unconstitutional and violates the Encroachment Clauses of the Mississippi and Federal Constitutions." Plaintiff also seeks an injunction "enjoining the Defendants, commanding the Defendants to act in full accord with the judgment of the Monroe County Circuit Court, and in full accord with the laws of Mississippi Code Section 97-37-5(3), and grant the Plaintiff a lawful permit to carry a weapon in the State of Mississippi."

Defendants filed a Motion for Summary Judgment on the basis that Plaintiff's claims fail as a matter of law. In particular, Defendants contend that sovereign immunity exempt them from liability here in the federal court.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the

moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

The Eleventh Amendment bars suits in federal court by a citizen against his own state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). A suit against a state employee in his official capacity is a suit against the office and, as such, is the same as suit against the state itself. *Will v. Michigan, Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (citations omitted). The Mississippi Department

of Public Safety ("MDPS") is an arm of the State of Mississippi for purposes of Eleventh Amendment immunity. *See Delaney v. Miss. Dep't of Pub. Safety*, No. 3:12cv229, 2013 U.S. Dist. LEXIS 9600, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) ("MDPS is an agency of the State and entitled to Eleventh Amendment immunity absent waiver or abrogation.") (citation omitted), *aff'd*, 554 F. App'x 279 (5th Cir. 2014); *Wamble v County of Jones*, No. 2:09cv103, 2012 U.S. Dist. LEXIS 79969, 2012 WL 2088820, at *6 (S.D. Miss. June 8, 2012) (finding the MDPS and MHP to be immune from liability and dismissing claims against them for lack of subject matter jurisdiction); *Whitfield v. City of Ridgeland*, 876 F. Supp. 2d 779, 784 (S.D. Miss. 2012) (same); *Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712-13 (S.D. Miss. 2009) (dismissing the plaintiff's official capacity claims against a state trooper, as well as his claims against the MDPS and MHP, pursuant to the Eleventh Amendment). Thus, the Plaintiff's federal law claims against the Department (whether it is labeled the State of Mississippi, MDPS, or MHP) and Albert Santa Cruz and Belinda Sykes, in their official capacities, are not legally cognizable in this forum unless an exception to immunity applies. *See Hopkins*, 634 F. Supp. 2d at 712-13.

A state can waive its immunity by consenting to suit against it, and Congress can explicitly revoke a state's immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *Pennhurst*, 465 U.S. at 99, 104 S. Ct. 900 (noting that congressional action can abrogate a state's immunity). However, Section 1983 does not abrogate the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981). Mississippi has not consented to the filing of Section 1983 suits against it in federal court, and has in fact "expressly preserved sovereign immunity to suit in federal court when it enacted the Mississippi Tort

Claims Act." *McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (citing MISS. CODE ANN. § 11-46-5(4), which states that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment"). More generally, the Fifth Circuit recognizes that "Congress has not expressly waived sovereign immunity for § 1983 suits." *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (citations omitted). [1]

A claim for prospective injunctive relief against a state official accused of violating federal law, however, is not proscribed by the Eleventh Amendment. *Moore v. La. Bd. of Elem. & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citation omitted). This exception has its origins in the case of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Despite the sovereign immunity bar, a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (citing *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441). Only state officials, not state agencies, may be enjoined. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). To determine whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S. Ct. 1632, 1639, 179 L. Ed. 2d 675 (2011) (internal quotation marks and citation omitted).

---

[1] In addition, States and state entities, such as the Mississippi Department of Public Safety, are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will*, 491 U.S. at 71, 109 S. Ct. 2304; see *Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 592 (S. D. Miss. 2005). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66, 109 S. Ct. 2304.

Plaintiff seeks an injunction compelling the issuance of a concealed carry license to him, despite his failure to follow the statutory requirements for such permit. Plaintiff's complaint fails to allege an ongoing violation of federal law. *See Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010) (declaratory relief is within *Ex parte Young*'s purview, but only when "violations of federal law are threatened or ongoing."). In *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court noted that the District of Columbia's ban on possession of handguns in homes violated the Second Amendment, but later highlighted that the holding "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . ." *McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010) (citing *Heller*, 554 U.S. at 626-27, 128 S. Ct. 2783).

Further, the Court notes that the Plaintiff's "encroachment clause" cause of action involves solely state actors, such as the county judiciary and state executive agency; therefore, no federal law is invoked in this claim. *See Pennhurst*, 465 U.S. at 102, 104 S. Ct. 900 (*Ex parte Young* applies only to violations of federal law by state officials); *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979) (finding no federal questions where separation of powers claim involved Georgia Supreme Court and Georgia Legislature) (citing *Sweezy v. New Hampshire*, 354 U.S. 234, 77 S. Ct. 1203, 1 L. Ed. 2d 1311 (1957)).

Accordingly, Defendants Mississippi Department of Public Safety, Belinda Sykes, and Albert Santa Cruz are entitled to Eleventh Amendment immunity for the Plaintiff's claim against them in their official capacities.

Plaintiff has moved to amend his complaint to add claims against Belinda Sykes and Albert Santa Cruz in their individual capacities. While the Court acknowledges that in general,

an action by a citizen against a state official in his official capacity is an action against the State, and is barred by the Eleventh Amendment, subject only to the limited exception permitted by *Ex parte Young*, an action against a state official in his individual capacity may not in all instances implicate the Eleventh Amendment. *Ford Motor Co. v. Dep't of Treas. of State of Ind.*, 323 U.S. 459, 463, 65 S. Ct. 347, 89 L. Ed. 389 (1945) overruled on other grounds by *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002); *Hudson v. City of New Orleans*, 174 F.3d 677, 687 n.7 (5th Cir. 1999). For example, the fact that a State may indemnify an official sued in his individual capacity, does not alone extend Eleventh Amendment immunity to that official. *Id*. On the other hand, although the Eleventh Amendment does not preclude monetary relief for past harms when the state official is sued in his individual capacity and will be personally liable for the judgment, *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985), "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants," *Ford Motor Co*., 323 U.S. at 464, 65 S. Ct. 347. *See also Pennhurst*, 465 U.S. at 101 n.11, 104 S. Ct. 900 (State is party in interest if "judgment sought would expend itself on the public treasury . . . or [] compel [the State] to act") (internal citation and quotation marks omitted). Thus, if the State of Mississippi is the real party in interest, the Eleventh Amendment operates as "a real limitation on . . . federal-question jurisdiction," and the action cannot be maintained in federal court. *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 270, 117 S. Ct. 2028.

The "real-party-in-interest" inquiry is a fact-specific determination. *Henley v. Simpson*, 527 F. App'x 303, 306 (5th Cir. 2013). Here, the Court finds that the claims against Belinda

Sykes and Albert Santa Cruz in their individual capacities would be the same claims brought against them in their official capacities. Plaintiff's amendment would admittedly only add the words in the "Parties" section of his Complaint that Cruz and Sykes are sued in both their official and individual capacities. Plaintiff acknowledges that all actions taken by those defendants were taken as employees of the State of Mississippi Department of Public Safety. Moreover, Plaintiff does not allege any particular actions by Cruz or Sykes that would support a unique cause of action against them in their personal capacities.

Further, any judgment awarded against the individual defendants would implicate the state treasury as Plaintiff acknowledges that they were acting within the scope of their employment. *See Ford Motor Co.*, 323 U.S. at 464, 65 S. Ct. 347; *Pennhurst*, 465 U.S. at 101, 104 S. Ct. 900. Moreover, the injunction sought, if granted, would compel the issuance of a concealed carry firearm permit, a function of the Mississippi Department of Public Safety only. MISS. CODE ANN. § 45-9-101. Therefore, all individual capacity claims are asserted in an attempt the Eleventh Amendment. The State of Mississippi is the real party-in-interest. Thus, the Court lacks jurisdiction over those claims as well.

The Court, having dismissed the federal claims, is left only with claims arising under state law and involving non-diverse parties. Pursuant to 28 U.S.C. Section 1367(c), the Court is afforded discretion to decline supplemental jurisdiction over such state law claims that do not impart the Court with original jurisdiction. The Fifth Circuit has set forth a series of statutory and common law factors to apply when deciding whether to exercise supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

The Court first considers the statutory factors, which are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate

over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)). Here, the Court is presented with difficult state law issues such the right to a restoration of the ability to carry concealed weapons after a felony conviction. Thus, the first statutory factor militates against supplemental jurisdiction. The second and third factors also weigh against jurisdiction because the federal claims have been dismissed, leaving the state claims to predominate. *Enochs*, 641 F.3d at 159 (finding that "state law claims predominate over the non-existent federal claims"). As to the fourth factor, the Court finds that the federalism interest in allowing state courts to interpret state law and its effect on its state officials is a compelling reason for declining jurisdiction. *See Pennhurst*, 465 U.S. at 106, 104 S. Ct. 900 (stating that in the Eleventh Amendment context, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

The Court additionally considers the four common law factors: "judicial economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). As to the judicial economy factor, the Fifth Circuit has held that district courts should not decline jurisdiction if a "significant amount of judicial resources" have already been expended. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602, 603 (5th Cir. 2009). The Court finds that significant judicial resources have not been expended here. The only motions filed in the case are the pending motion for summary judgment and motions for extension of deadlines. Additionally, the parties can easily reuse their existing work product if the state law claims are filed in state court. *See Guzzino v. Felterman*, 191 F.3d 588, 594-95 (5th Cir. 1999) (affirming the decision to decline

jurisdiction when the "trial court noted the work performed in federal court would still be available in state court"). As for convenience, there are state court venues close to Plaintiff that, if selected, could provide for a more convenient venue. *See Enochs*, 641 F.3d at 160 (finding it "more convenient" for the case to be heard in a Texas county's state court "where all of the parties, witnesses, and evidence were located.") As to the third common law factor, the Fifth Circuit has held it to be "fair" for state claims to be resolved in state court, as would be the case here if the claims are dismissed and subsequently refiled. *Id*. Finally, because only state law disputes remain, the "important interests of federalism and comity" also favor remand, *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588 (5th Cir. 1992), especially given that defendants are a state political subdivision and its officials. *See Pennhurst*, 465 U.S. at 106, 104 S. Ct. 900. Thus, the Court finds that the common law factors, like the statutory factors, overwhelmingly disfavor the exercise of supplemental jurisdiction in this case.

In accordance with these factors, the Fifth Circuit has explained that when, as here, the federal claims are dismissed, leaving only a state law dispute between non-diverse parties, the Court generally should decline jurisdiction. *Enochs,* 641 F.3d at 161; *James v. Gonzalez*, 348 F. App'x 957, 960 (5th Cir. 2009) (collecting cases); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (explaining that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). For these reasons, the Court exercises its discretion under Section 1367(c) and declines supplemental jurisdiction over the remaining state law claims.

*Conclusion*

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment [17]. This case is DISMISSED.

SO ORDERED, this the 11th day of September, 2015.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**